**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AARON LOINES, | ) | CASE NO. 1:20 CR 293-2<br>1:26 CV 1910 |
| Petitioner-Defendant, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION AND ORDER |
| Respondent-Plaintiff. | ) | |

This matter comes before the Court upon Defendant, Aaron Loines' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #197). The Government has filed a Motion to Dismiss Mr. Loines' petition as untimely. (ECF #200). Mr. Loines then filed a Reply brief and Opposition to the Government's Motion to Dismiss. (ECF #201).

## FACTUAL AND PROCEDURAL HISTORY

Mr. Loines was indicted in June of 2020 for one count Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §846; one count of Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C); and, one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §924(c)(1)(A)(I). *United States v. Loines*, 56 F.4th

1099, 11105 (6th Cir. 2023). Mr. Loines filed a motion to suppress evidence of the firearm, which was uncovered during a search of his car. The trial court denied the motion to suppress, and Mr. Loines pled guilty to all three counts. His plea agreement allowed him to appeal the suppression decision. The Court of Appeals later overturned the denial of his motion to suppress, and the government dismissed the firearms charge. Mr. Loines again pled guilty to the possession and ditribution charges. The final sentence was issued on April 14, 2023, for time served, with two years of supervised release.

While on supervised release, Mr. Loines was convicted of multiple new law violations in case number 1:23 CR 631-004. (ECF #187). He plead guilty to the new charges and was sentenced to 160 months. On November 21, 2024, Mr. Loines admitted violation of his supervised release in the above-captioned case, and was sentenced to fifteen months, to be served consecutive to the sentence in 1:23 CR 631. (ECF #189).[1] On August 13, 2026, he filed the instant Motion to Vacate, alleging due process violations, ineffective assistance of counsel, and that his plea was invalid. The Government contends that Mr. Loines' § 2255 petition is untimely, and therefore, barred.

## ANALYSIS

Section 2255 petitions are the exclusive means by which a federal prisoner may

[1]Petitioners may use §2255 to challenge sentences imposed while the sentence is being served or during the service of supervised release imposed as part of the sentence. If a supervised release violation results in an additional sentence, courts treat this as part of the original sentence for purposes of a §2255 challenge, even if service of that sentence is delayed pending completion of a sentence on a separate case. *See Peyton v. Rowe*, 391 U.S. 54 (1968); *Bradley v. United States*, 2016 U.S. Dist. LEXIS 138354, *8-10 (E.D. Mich. 2016)(citations omitted).

collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

Mr. Loines was sentenced on April 14, 2023. The judgment was docketed on April 18, 2023. He had fourteen days within which to file a direct appeal. Fed. R. App. P. 4(b)(1)(A). Because no direct appeal was filed, the judgment became final in this case on May 2, 2023, fourteen days after the judgment was issued, and the date when Petitioner's time for filing a notice of appeal expired. 28 U.S.C. §2255(f)(1); see, also, e.g., *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Therefore, he was required to file any motion for relief under §2255 no later than May 2, 2024. His motion was filed August 13, 2026, more than two years after the deadline. Therefore, absent fulfillment of one of the three exceptions set forth

above, his motion is untimely.

Mr. Loines has asserted, however, that subsection four applies to extend his time for filing a motion under §2255. His petition claims that three years after he pled guilty to the possession and distribution charges, former Detective Kopchak, the officer who searched his car was convicted of multiple felonies that put his credibility into issue. (ECF #197, 201). He claims that had he been aware of these credibility issues, he may not have entered the guilty plea. He also claims that he could not have been aware of the credibility issues until Mr. Kopchak was convicted in March of 2026. The government argues that the incidents leading to Mr. Kopchak's arrest and conviction took place in April of 2024, and that Mr. Loines could have been aware of these facts at time the behavior occurred. They, therefore, contend that even accepting that this information was relevant to Mr. Loines' case, his motion should have filed by April of 2025, and it is still untimely. [2]

Even accepting that Mr. Loines would not, even in the exercise of due diligence, have known about the behavior giving rise to Mr. Kopchak's conviction until the conviction was final, the conviction has no bearing on Mr. Loines' case, and does not constitute a new fact supporting the claims he presented in his motion. Mr. Loines himself acknowledges that the 2026 conviction does not establish that former Detective Kochak fabricated evidence in this case. (ECF #201, PageID 1048). The 2024 incident leading to the 2026 conviction involved non-

[2]The government's position is not well taken on this issue. If the conviction had been relevant to Mr. Loines' case, or had suggested some pattern of official misconduct, Mr. Loines would not have been expected to have known about the conduct at the time it occurred. A defendant does not have an on-going duty to follow all investigating officers and track their personal conduct to determine if they exhibit future behavior suggesting a pattern of prior misconduct.

official behavior that occurred while Mr. Kopchak was off-duty. It was based on ethnic intimidation, assault, and kidnapping that occurred in relation to a confrontation between Mr. Kopchak and a truck driver in a parking lot. There was no suggestion that Mr. Kopchak lied about any official business, or that he fabricated any evidence in any official investigation.

This even could not be the basis for an ineffective assistance of counsel claim, as it had not occurred prior to Mr. Loines' plea, and could not have been predicted by Mr. Loines' counsel. It also could not have been the basis for any claim of prosecutorial misconduct or withholding of Brady or other exculpatory information by the prosecution because no information existed prior to the acceptance of the plea that could have been disclosed by the prosecution. Likewise, it could not have had any effect on the voluntariness of Mr. Loines' plea, because it had not happened at that time, it had no relation to any official police business, and it did not involve dishonesty or misrepresentations.[3]

To the extent that Mr. Loines suggests that he may not pled to the offenses charged if he had known that Mr. Kopchak had general credibility issues, this is also unpersuasive.[4] Mr. Loines knew that then Detective Kopchak had been deemed to have misrepresented his ability to view the inside of the vehicle at the time he took the second plea, post remand. This raised the

---

[3] Mr. Loines waived any appeal or post-conviction relief for issues beyond sentencing length, ineffective assistance or prosecutorial misconduct. (ECF #152, PageID 815).

[4] Mr. Loines also suggests in his Reply brief that Mr. Kopchak's conviction somehow calls into question the controlled buys that he claims supported the distribution charge. His plea agreement admits to the facts underlying his conviction, without reference to any controlled buys. Further, Mr. Loines already benefitted from any alleged lack of credibility Mr. Kopchak may have exhibited with regard to the search. The evidence from the search was excluded and the firearm charge was dismissed. There is no indication that Mr. Loines' plea to the remaining two counts was based on his assessment of Mr. Kopchak's credibility, or how a jury would have perceived any tesimony Mr. Kopchak could/would have offered on those issues at trial.

issue of general credibility in 2023, in a much more relevant manner than Mr. Kopchak's conviction in 2026. Therefore, he was aware of facts that support a challenge based on Mr. Kopchak's general credibility in 2023, and his claims to that effect are now untimely.

For the reasons set forth above, Mr. Loines has not established that he has discovered any new information that would support the claims raised in his §2255 motion. Because he has not proven that §225(f)(4), or any other factors tolling the filing deadline for his motion apply, the motion is untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## <u>CONCLUSION</u>

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (ECF #197), filed pursuant to 28 U.S.C. § 2255, is dismissed as untimely. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: October 22, 2026